UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE LEO POWELL,

          Case No. 20-12026

    Petitioner,

          Stephanie Dawkins Davis
v.          United States District Judge

HEIDI WASHINGTON, ET AL,

    Respondents.
_____/

## ORDER TRANSFERRING THE CASE
## TO THE WESTERN DISTRICT OF MICHIGAN

Petitioner Dwayne Leo Powell, a state prisoner incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a pro se habeas corpus petition under 28 U.S.C. § 2254 and an emergency motion for a temporary restraining order. (ECF Nos. 1 and 2). The present petition does not challenge the validity of Petitioner's state court conviction. Rather, Petitioner asserts in the instant action that due to the conditions at the Chippewa facility with respect to the spread of COVID-19, his continued incarceration violates his constitutional rights.

A state prisoner in a state that has two or more federal judicial districts may file a habeas petition in the district where the prisoner is in custody or in the district where the prisoner was convicted and sentenced. 28 U.S.C. § 2241(d). The district having custody of the prisoner and the district where the prisoner was

1

convicted and sentenced have concurrent jurisdiction to entertain the application. *Id*. Moreover, the Court in the district where the petition was filed may, in the exercise of its discretion and in furtherance of justice, transfer the application to the other district for a hearing and determination. *Id*.; *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").

Here, the petition for writ of habeas corpus is not attacking Petitioner's conviction. Instead, his petition and motion for a TRO are solely focused on challenging the conditions of his confinement due to the spread of COVID-19 at his place of confinement in Chippewa County, which is within the geographical confines of the Western District of Michigan. *See* 28 U.S.C. § 102(b)(2).

Because of the potential inconvenience and expense of moving Petitioner between his facility[1] and the Court for any hearings and because the entirety of his petition relates to acts and witnesses within the confines of the Western District of Michigan, the interests of justice are furthered by a transfer of the case to the

---

[1] The court recognizes that such hearings are currently generally conducted via electronic means in this district rather than in-person, but this change in procedure is not permanent. The duration of this practice is unpredictable and largely dictated by circumstances beyond the court's control. Thus, this factor may or may not apply to petitioner's case if retained in the Eastern District.

2

Western District of Michigan. See *Starnes v. McGuire*, 512 F.2d 918, 931 (D.C. Cir. 1974); *see also Barrera v. Decker*, 2020 WL 1686641, at *1 (S.D.N.Y. Apr. 7, 2020) (district court in the Southern District of New York lacked venue over habeas petitioner's claim that his health condition put him at imminent risk of contracting COVID-19, where the petitioner was incarcerated in New Jersey).

Accordingly, it is **ORDERED** that the case is **TRANSFERRED** to the United States District Court for the Western District of Michigan.

s/Stephanie Dawkins Davis
Stephanie Dawkins Davis
United States District Judge

Dated: August 7, 2020

## CERTIFICATE OF SERVICE

I certify that on August 7, 2020 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and that I mailed by United States Postal Service the paper to the following non-ECF participant(s): Dwayne Leo Powell #261114, Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov